```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

TAMARA DUNN,

                Plaintiff,

vs.                              Case No. 2:08-cv-233-FtM-29DNF

CITEC FLORIDA, LLC, a Florida
Limited Liability Company,

                Defendant.
_____

## **OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Attorney's Fees, Expert's Fees, Litigation Expenses and Costs (Doc. #29) filed on May 19, 2009. Defendant filed a Response (Doc. #30) on June 1, 2009, and plaintiff filed a Reply (Doc. #33) on June 12, 2009.

**I.**

On March 19, 2008, plaintiff filed a Complaint (Doc. #1) alleging barriers to access violative of the Americans with Disabilities Act (ADA) at the property owned, leased or operated by defendant. On April 18, 2008, defendant filed an Answer and Affirmative Defenses (Doc. #9). On July 28, 2008, the Court issued a Case Management and Scheduling Order (Doc. #16), and discovery commenced. After the exchange of expert disclosures, on March 13, 2009, the parties filed a Joint Notice of Settlement (Doc. #22) as to all injunctive issues. On April 30, 2009, the parties filed an Agreed Motion That Court Approve Consent Decree and Enter Final

Order of Dismissal (Doc. #26), which was granted (Doc. #27). Judgment (Doc. #28) was entered on May 5, 2009, adopting the Consent Decree with the Court retaining jurisdiction over its enforcement and leaving "the Court to determine the Plaintiff's entitlement to have their attorney's fees, expert fees and costs reimbursed by Defendant, and the amount thereof" (Doc. #28-2, ¶ 5).

**II.**

Under 42 U.S.C. § 12205, the Court may, "in its discretion," allow "the prevailing party" a "reasonable attorney's fee, including litigation expenses, and costs." The Court finds plaintiff to be the prevailing party and, in the exercise of its discretion, will award attorney fees, expenses and costs as set forth below.

Defendant argues that plaintiff is not entitled to attorney's fees because they are discretionary, and fees should be denied in their entirety to promote judicial economy and encourage pre-suit notice. Although encouraged, pre-suit notice is not required before filing suit under the ADA. <u>Association of Disabled Ams. v. Neptune Designs, Inc.</u>, 469 F.3d 1357 (11th Cir. 2006)("[a] person may file a suit seeking relief under the ADA without ever notifying the defendant of his intent to do so, . . . We stress that pre-suit notice is not required to commence suit under the ADA and that lack of pre-suit notice does not compel a reduction of the requested fee award."). Therefore the Court will not deny fees on the basis of a lack of pre-suit notice.

The Court finds that plaintiff is the prevailing party. A change or material alteration of the legal relationship between parties, such as would occur by entering into a consent decree regardless of admission of liability, can be a basis for an award of attorney's fees. Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res., 532 U.S. 598, 604 (2001). The Court finds that plaintiff is a prevailing party by virtue of the Consent Decree.

**III.**

Plaintiff seeks attorney's fees, litigation expenses, and costs. More specifically, plaintiff seeks attorney fees at the hourly rate of $300.00 for 51.8 hours of work for a total of $15,540.00; $1,500.00 for expert fees; and $420.00 for statutory costs for a grand total of $17,460.00. Defendant argues that the proposed hourly rate is excessive and should be reduced to $175.00 an hour, the hours expended are unreasonable and excessive and should be reduced, and plaintiff's expert did very little if any work in the case.

**A.**

A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable

skills, experience, and reputation." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). See also Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). The burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community. Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984).

Louis I. Mussman, Esq., has been a member of The Florida Bar since 2002, did work on ADA-related cases as an associate at a Miami, Florida firm for one year, and then co-founded his current practice in 2004. Brian Ku, Esq. has also been a member of The Florida Bar since 2002, participated in general civil litigation for a few years at various firms, and is Mr. Mussman's co-founder and partner at their firm Ku & Mussman, P.A., since 2004. Plaintiff's counsel presented comparable rates of $300.00 an hour or more, Doc. #29, p. 5, but all were in the Southern District of Florida. The prevailing market is Fort Myers, Florida, or the surrounding counties in the Fort Myers Division of the Middle District of Florida. See, e.g., Martinez v. TRG Oasis (Tower Two) Ltd., LP, 2:08-cv-611-FTM-29SPC, 2009 WL 774094, *2 (M.D. Fla. Mar. 19, 2009)(the prevailing market is Fort Myers, Florida). According to the Bureau of Labor Statistics,[1] the annual mean wage for the Cape Coral-Fort Myers, Florida area is $87,690.00, while the annual mean wage for the Miami-Miami Beach-Kendall area, Florida is

---

[1] See http://www.bls.gov/oes/2008/may/oes231011.htm#(3).

$116,590.00, and the annual mean wage for the Naples-Marco Island, Florida area is $106,800.00. The Consumer Price Index for All Urban Consumers, all items, U.S. city average[2], as of May 2009[3] was 216.632.[4] Clearly, a difference is present in the applicable rates in the Middle District counties and the Southern District counties. Additionally, counsel did not provide affidavits attesting to the reasonableness of the $300.00 rate in the Fort Myers Division, nor affidavits by counsel of similar level of skill to support the application for fees. Therefore, it does not appear that counsel has met the initial burden of demonstrating that the hourly rate is reasonable.

While defendant suggests a $175 per hour rate, in Fort Myers the more recent prevailing market rate in an ADA case has been found to be $200.00 an hour, Lamb v. Lee County, 2:05-cv-246-FTM-99SPC, 2007 WL 704944, *2 (M.D. Fla. Mar. 2, 2007); Lamb v. Shivani, 2:05-cv-50-FTM-29DNF, 2007 WL 2219448, *1 (M.D. Fla. Apr. 19, 2007). The Court finds that counsel failed to carry their burden to demonstrate that $300.00 is a reasonable rate, and the rate will be reduced to $200.00 an hour.

**B.**

---

[2] See ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt.

[3] The submitted billing records reflect time spent on the case from February 19, 2008, through May 19, 2008. (Doc. #29-4.)

[4] Cf. Meyer v. Sullivan, 958 F.2d 1029 (11th Cir. 1992)(cost-of-living escalator applied to fees under the Equal Access to Justice Act).

Defendant argues that 26.1 hours of the 45 hours should be reduced as excessive, insufficiently particular, or duplicative. Plaintiff's counsel responds that only time spent modifying form pleadings is listed, and "Plaintiff exercised billing discretion and was careful to avoid duplication of efforts." (Doc. #29, p. 10.) The Court has carefully considered each of the suggested reductions, and declines to reduce the hours to the extent suggested. There are, however, several entries regarding phone calls and e-mails to the client without explanation. Therefore, the Court will apply a slight reduction from 51.8 hours to 51 hours. Therefore, the total attorney's fees to be awarded is $10,200.00.

### C.

Plaintiff also seeks the reimbursement of expert fees and statutory costs. Defendant argues that the expert's services were not required and the expert did not even conduct the site inspection.

Defendant utilized its own expert for the site inspection, and plaintiff's expert's services were required to respond to defendant's expert's evaluation. The Court finds this expense necessary and the amount reasonable.

Defendant does not specifically object to the statutory costs and 28 U.S.C. § 1920 permits the taxing of costs for fees of the Marshal, i.e., service of process, and filing fees. Therefore, the request for $420.00 will be permitted.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Attorney's Fees, Expert's Fees, Litigation Expenses and Costs (Doc. #29) is **GRANTED** in part. Plaintiff is awarded $10,200.00 in attorney's fees, $1,500.00 in expert fees, and $420.00 in costs for a total of $12,120.00.

2. The Clerk shall enter a separate Judgment awarding plaintiff attorney's fees, expenses, and costs as stated above.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of September, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record